# New Admiral Building and Loan Ass'n v. Philadelphia et al.

*Ladner & Ladner,* for appellant.

*Mayne R. Longstreth,* assistant city solicitor, for respondent.

MacNeille, J., October 1, 1932.—This is an appeal of New Admiral Building and Loan Association from an assessment made by the Board of Revision of Taxes, for the purpose of taxation, on the premises No. 8501 Frankford Avenue, Philadelphia, Pa., in the sum of $9000.

Such findings of fact and conclusions of law as may be necessary are indicated in the discussion.

## Discussion

Premises No. 8501 Frankford Avenue, Philadelphia, Pa., containing 150 feet on that avenue and 67 feet on the side street, rented in the fall of 1931 for $100 a month.

The property is divided into apartments and, in addition, there is erected upon the corner of it a gasoline station.

The tenant, under his lease, sublet the dwelling and, according to the best information obtainable, he receives therefor $65 a month, and in addition to receiving that he himself maintains the gasoline station and a lunch counter or room.

The property itself, at a prior date, had sold for $15,000, but apparently had no such value in 1931, by which time the building association holding the second mortgage of $5000 took in the property subject to a first mortgage of $8000.

On behalf of the appellant, testimony was given that although it holds a lease at the rate of $100 a month it did not receive more than one-third of this amount in actual rent.

As is usual in these cases, the city produced three experts who were agreed on the value of the property—each of them fixing it at $13,000 and upward.

The appellant produced two experts, one of whom, Mr. Ladner, said the property was worth not more than $6000, and the other expert, Mr. Haughey, agreed with him.

It is obvious, then, that the testimony of these experts, being contradictory, gives us no help unless we determine that one set of experts is not reliable. In this situation we have been compelled to seek the aid of other factors.

The appellant certainly has the burden of overcoming the presumption which exists in favor of the regularly made assessment—which assessment is $9000. Our own view of the premises would indicate that $9000 is not excessive as a valuation, and it is established by the testimony in this case that the city is assessing real estate at what it believes to be 100 per cent. of its valuation. There would seem to be no inconsistency then in assessing this property at $9000.

In this case, as in other tax appeals, there was an effort to convince the court that because of the depression from which real estate suffers the assessors should be forced to lower the assessment. We do not feel that we can dictate a policy to the Board of Revision of Taxes, nor do we feel that we can say because there is no immediate market for real estate there is no value to be attached to it. A commodity may be offered out of time or out of place as to market or opportunity. We can readily see the effect of offering a commodity at the wrong place. If one offers peanuts at a circus they may have a sale. If one tried to vend them to a congregation entering a cathedral he probably could not induce purchasers even by lowering the price to a ridiculous point. Thus it may happen as to real estate. There may be a period in which it could not be sold at any price. Nevertheless, we could not say that its value was destroyed. At any moment a market may resume upon which the dormant values or prices will immediately reassert themselves.

There is another consideration. The government must be supported, and the present scheme of things is to secure the major portion of such support from assessments on real estate. Certainly, if we conclude that because there is no market for real estate there must be no assessment, we rob the city of its opportunity to raise taxes which are necessary for the maintenance of the health, comfort, peace and order of the community. We cannot say that there is no

value because there is temporarily no active market. Were the assessment out of line with others in the assessed area we should not hesitate to correct it. Our conclusion is that this property is worth at least $9000, and that the assessment is not excessive.

### Decree nisi

And now, to wit, October 1, 1932, this appeal having come on to be heard, upon consideration of the evidence presented, it is ordered and decreed:

1. That this appeal from the action of the Board of Revision of Taxes of Philadelphia in assessing and valuing appellant's property, No. 8501 Frankford Avenue, in the City of Philadelphia, Pa., at $9000, for the purpose of taxes for the year 1932, is hereby dismissed.

2. That the assessment valuation on this property, No. 8501 Frankford Avenue, Philadelphia, Pa., for the purpose of taxation for the year 1932, is hereby made and adjudged to be the sum of $9000.